IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT F. HALLMAN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:17-CV-907-Y |
| § | | |
| BILL WAYBOURN, Sheriff, § | | |
| Tarrant County, Texas, § | | |
| Respondent. § | | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert F. Hallman, a pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed on exhaustion grounds.

## I. Factual and Procedural History

Petitioner has been indicted in Tarrant County, Texas, Case Nos. 1451589D and 1489585D, for sexual assault of a child and continuous sexual abuse of a child and is awaiting trial. (Resp't's Reply 11 & 15, doc. 7.[1]) In this federal petition, Petitioner raises the following grounds for habeas relief:

(1) He has been deprived of his right to release under article 17.151 of the Texas Code of Criminal Procedure;

---

[1]Respondent's reply has attachments thereto, therefore the pagination in the ECF header is used.

(2) He has been deprived of his Sixth Amendment right to effective assistance of trial counsel;

(3) His Eighth Amendment right has been violated due to excessive bond;

(4) He has been deprived of his Fourteenth Amendment right to due process of law and equal protection of the laws; and

(5) His trial counsel has neglected his or her duty "to conduct themselves as to insure a fair trial . . ., not impair the presumption of innocence, and at the same time afford the public the benefits of a free press," in violation of article 2.03 of the Texas Code of Criminal Procedure.

(Pet. 2-4, doc. 1.[2])

## II. Discussion

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied,* 484 U.S. 956 (1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may

---

[2]The petition is not paginated, therefore the pagination in the ECF header is used.

effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[3] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas-corpus relief. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432. *See also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

---

[3]Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* Tex. Code Crim. Proc. Ann. arts. 11.07-11.09 (West 2005 & Supp. 2013).

Petitioner presents no evidence that he has exhausted his state-court remedies and makes no showing of exceptional circumstances. Thus, federal-court interference in the normal functioning of the state's criminal processes is not warranted. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Texas has adequate and effective state procedures for review of Petitioner's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

In summary, Petitioner has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this Court is not authorized. *See Braden*, 410 U.S. at 493. After the state proceedings are concluded, federal habeas proceedings can be instituted by Petitioner after he has exhausted his state remedies. This petition will be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded. Under the circumstances, dismissal is appropriate. *See Deters*, 985 F.2d at 797.

### III. Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

without prejudice for failure to exhaust state-court remedies. All pending motions not previously ruled upon are DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore,

a certificate of appealability should not issue.

SIGNED June 7, 2018.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE